UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 20- 00696-001 (RBK) |
| | : | |
| v. | : | 18 U.S.C. § 1349 |
| | : | |
| HAYLEY TAFF | : | <u>INFORMATION</u> |
| | : | |

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

1. At all times relevant to this Information:

   a. Defendant HAYLEY TAFF was the Chief Executive Officer of Central Rexall Drugs, Inc.

   b. Central Rexall Drugs, Inc. ("Central Rexall") was a pharmacy located in Louisiana. In addition to its retail pharmacy operations, Central Rexall marketed and shipped prescription compounded medications to individuals in New Jersey and other states.

   c. In New Jersey, the State Health Benefits Program ("SHBP") offered medical and prescription drug coverage to qualified state and local government public employees, retirees, and eligible dependents. The School Employees' Health Benefits Program ("SEHBP") offered medical and prescription drug coverage to qualified local education public employees, retirees, and eligible dependents. SHBP and SEHBP each were "health care benefit programs" that affected commerce as defined in 18 U.S.C. § 24(b).

   d. Pharmacy Benefits Administrator provided pharmacy benefit management services for SHBP and SEHBP beneficiaries pursuant to a contract with the State of New Jersey. Pharmacy Benefits Administrator also provided pharmacy benefit management services for beneficiaries of other insurance plans. Pharmacy Benefits Administrator adjudicated claims for

reimbursement from pharmacies and paid pharmacies for valid claims. Pharmacy Benefits Administrator billed the State of New Jersey based on the amount paid to pharmacies for claims on behalf of SHBP and SEHBP beneficiaries and billed other insurance plans based on the amounts paid to pharmacies on claims on behalf of their beneficiaries. Pharmacy Benefits Administrator was a "health care benefit program" that affected commerce as defined in 18 U.S.C. § 24(b).

        e.      Central Rexall had an agreement with Pharmacy Benefits Administrator that specified the terms under which Pharmacy Benefits Administrator would pay Central Rexall for legitimate prescriptions filled by Central Rexall for beneficiaries of insurance plans administered by Pharmacy Benefits Administrator. As part of that agreement, Central Rexall agreed to collect copayments from beneficiaries of insurance plans administered by Pharmacy Benefits Administrator.

        2.      At all times relevant to this Information:

        a.      In general, compounding was a practice in which a licensed pharmacist combined, mixed, or altered ingredients of one or more drugs in response to a prescription to create a medication tailored to the medical needs of an individual patient. Compounded drugs were not approved by the United States Food and Drug Administration ("FDA"); that is, the FDA did not verify the safety, potency, effectiveness, or manufacturing quality of compounded drugs.

        b.      Compounded drugs could be appropriately prescribed by a physician when an FDA-approved medication did not meet the health needs of a particular patient. For example, if a patient was allergic to a specific ingredient in an FDA-approved medication, such as a dye or

preservative, a compounded drug could be prepared excluding the ingredient that triggers the allergic reaction.

3. From in or about July 2013 through in or about December 2016, in the District of New Jersey, and elsewhere, defendant

HAYLEY TAFF

did knowingly and willfully conspire and agree with others to execute a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, contrary to Title 18, United States Code, Section 1347.

## Object of the Conspiracy

4. It was the object of the conspiracy for defendant HAYLEY TAFF and others to unlawfully enrich themselves by causing the submission of false and fraudulent insurance claims to Pharmacy Benefits Administrator for medically unnecessary Central Rexall compounded prescription medications and by sharing in the profits realized by Central Rexall from payments by Pharmacy Benefits Administrator for compounded prescription medications.

## Manner and Means of the Conspiracy

5. It was part of the conspiracy that defendant HAYLEY TAFF and her co-conspirators learned that certain insurance plans, including the SHBP and SEHBP, would reimburse thousands of dollars for one individual's one-month supply of certain prescription compounded medications, including compounded vitamin combinations, pain creams, libido creams, scar creams, and antifungal creams.

6. It was further part of the conspiracy that defendant HAYLEY TAFF and her co-conspirators had an agreement under which they would share in Central Rexall's net profits from prescription compounded medications.

7. It was further part of the conspiracy that with the knowledge and consent of defendant HAYLEY TAFF, her co-conspirators designed combinations of ingredients for compounded medications based on a combination's high insurance reimbursements and manipulated the ingredients to obtain the highest possible insurance reimbursement rather than to serve the medical needs of patients.

8. It was further part of the conspiracy that in order to determine the insurance coverage for a combination of ingredients, defendant HAYLEY TAFF's co-conspirators caused the submission to Pharmacy Benefits Administrator of false test claims representing that a doctor had written a prescription for an identified patient to receive a compounded medication containing a specified combination of ingredients, when in fact there was no such prescription.

9. It was further part of the conspiracy that, with the knowledge and consent of defendant HAYLEY TAFF, her co-conspirators used the information from these false test claims to design compounded medications based on the amount of money that insurance would pay for the compounded medications rather than on the medications' ability to help patients.

10. It was further part of the conspiracy that under the direction of defendant HAYLEY TAFF and her co-conspirators, Central Rexall placed compounded medications on its prescription pads and sent compounded medications to patients based solely on the amount of money that insurance would pay for a particular combination of ingredients, without doing any tests, studies, or research into the medical necessity or effectiveness of the particular

combination of ingredients, and without sending information to patients or their doctors about the medical necessity or effectiveness of the particular combination of ingredients.

11. It was further part of the conspiracy that when Pharmacy Benefits Administrator stopped covering one combination of ingredients, Central Rexall developed a different combination of ingredients based solely on the amount that insurance would pay for that combination and without considering the medical necessity or effectiveness of the new combination of ingredients, and Central Rexall then sent medications containing that new combination of ingredients to patients, even though the new combination of ingredients was not medically equivalent to the combination of ingredients originally prescribed for the patient, and without explaining the differences to the patient or the prescribing doctor.

12. It was further part of the conspiracy that because SHBP and SEHBP covered certain compounded medications until 2016, Central Rexall shipped a large percentage of its compounded medications to SHBP and SEHBP beneficiaries in New Jersey.

13. It was further part of the conspiracy that, under the direction of defendant HAYLEY TAFF and others, Central Rexall continued shipping compounded medications to patients without requiring patients to pay copayments, despite the requirement in Central Rexall's agreement with Pharmacy Benefits Administrator that Central Rexall collect copayments from patients.

14. It was further part of the conspiracy that defendant HAYLEY TAFF and her co-conspirators caused the submission of numerous false and fraudulent claims to Pharmacy Benefits Administrator for compounded medications that were not medically necessary.

15. It was further part of the conspiracy that defendant HAYLEY TAFF received approximately $1,553,616.84 from Central Rexall from 2014 through 2016.

16.   It was further part of the conspiracy that defendant HAYLEY TAFF and others caused Pharmacy Benefits Administrator to pay at least $51,670,251.15 in false and fraudulent claims for compounded medications shipped to New Jersey.

In violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

1. As a result of committing the offenses alleged in this Information, defendant HAYLEY TAFF shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a forfeiture money judgment in the amount of $1,553,616.84 representing all property constituting or derived from proceeds traceable to the commission of the offense to which she is pleading guilty.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

*Craig Carpenito/MB*

_____
CRAIG CARPENITO
United States Attorney